IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARLES PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN, et al.,<br><br>Defendants. | Civil Action No.: DKC-25-1013 |

**MEMORANDUM and ORDER**

Plaintiff Charles Patterson, who is incarcerated at Roxbury Correctional Institution ("RCI"), filed correspondence with the court, which was construed as a civil rights Complaint pursuant to 42 U.S.C. § 1983 alleging that his rights were violated when he was placed on disciplinary segregation pending a disciplinary hearing in October of 2024. ECF No. 1. Mr. Patterson filed a court directed Amended Complaint naming as Defendants Warden of RCI , Carlos Bivens, Douglas Stegner Youtzy, Warden of Dorsey Run Correctional Facility ("DRCF"), Angelique Lucas, Robin Woolford, and N. Grant.[1] ECF No. 7. On December 22, 2025, Defendants Warden of RCI, Carlos Bivens, Douglas Stegner Youtzy, Warden of DRCF, Angelique Lucas, and Robin Woolford ("State Defendants") filed a Motion to Dismiss, or in the Alternative for Summary Judgment. ECF No. 25. Mr. Patterson timely sought, and was granted, an extension of time, to and including March 20, 2026, to file a response to the dispositive motion. ECF Nos. 27 and 28. On March 19, 2026, Mr. Patterson filed an affidavit pursuant to Fed. Rule Civ. Pro. 56(d) seeking

[1] Defendant Grant has not responded to the Amended Complaint. To assist in serving the Amended Complaint, Counsel for State Defendants provided Grant's last known address and moved to seal same. ECF No. 23. The Motion is granted. The Clerk is directed to amend the docket to reflect the full name of Defendant Nick Grant and to issue a summons under seal to Defendant Grant at the address provided. The U.S. Marshal is directed to serve the Operative Complaint as herein set forth.

discovery. ECF No. 30. The request, opposed by the State Defendants (ECF No. 31), was denied on July 1, 2026, and Mr. Patterson was provided an opportunity to respond to the dispositive motion within 28 days. ECF No. 32. On July 31, 2026, the court received Mr. Patterson's Motion to Amend Complaint with an attached proposed second amended complaint. ECF No. 33. He also later filed an opposition to the dispositive motion. ECF No. 36. The Motion to Amend Complaint is opposed by the State Defendants. ECF No. 40. The State Defendants' time for replying to Mr. Patterson's opposition to this motion to dismiss has been stayed pending resolution of his Motion to Amend. ECF No. 38.

In Mr. Patterson's first court-directed Amended Complaint, Mr. Patterson asserted that his constitutional rights were violated in connection with disciplinary proceedings in which he was found guilty of possessing, using, or manufacturing a weapon and possessing or passing contraband. ECF No. 7 at 6-9. Specifically, Mr. Patterson stated that he should have been sent to administrative segregation rather than disciplinary segregation prior to his hearing; that he was denied access to the library because he was not permitted to take his tablet from his cell to the disciplinary hearing; he was denied access to the video surveillance of the incident; and that Division of Correction timelines for handling disciplinary proceedings were not followed. *Id*. He asserts that the Warden of DRCF violated his rights in not holding his hearing within 24 hours of his being served with the infraction and in not providing requested evidence for the hearing. *Id*. at 7. The Shift Commander at DRCF allegedly violated his rights by not holding the hearing within 24 hours after service of the infraction and by not following policy regarding review of actions. *Id*. Officer Grant allegedly provided false statements in writing the infraction. *Id*. Warden Bivens allegedly prematurely denied his appeal and denied him access to the library and exculpatory evidence. *Id*. at 8. The RCI Warden also allegedly prematurely denied his appeal, failed to follow

established timelines, and denied him access to legal research and evidence. *Id*. Officer Youtzy allegedly violated procedures for securing requested evidence and representation and for receipt of evidence during the hearing. *Id*. The Hearing Officer allegedly violated Mr. Patterson's rights by not following policies when he denied Mr. Patterson's motions and allowed him to be handcuffed behind his back, ignoring his request for assistance, and denying certain evidence. *Id*. at 8-9. Finally, Robin Woolford allegedly responded to his appeal untimely. *Id*. at 9.

In his initial filing, which Mr. Patterson attached to his court-directed Amended Complaint, he explained that on October 2, 2024, he was "arrested[ed]" by several officers at DRCF following an incident that took place in the courtyard and visiting room. ECF No. 11 at 1. After receiving an inmate rule infraction, Mr. Patterson requested representation and video surveillance, but neither were provided. *Id*. On the day he received the rule infraction, Mr. Patterson was sent to RCI pending an adjustment hearing and placed on disciplinary segregation rather than administrative segregation, in violation of policy. *Id*. He reiterates that he waited beyond the required time for his hearing to be conducted. *Id*. He again states that his right to due process was violated during his disciplinary hearing, in his appeal to the Warden, and in his appeal to the IGO. *Id*. at 2-3. As relief, he seeks the restoration of his good conduct credits and minimum-security level, as well as compensatory, nominal, and punitive damages. ECF No. 7 at 7; ECF No. 21.

Mr. Patterson attached to his current Motion to Amend, a proposed verified second amended complaint. ECF No. 33-1. In his proposed second amended complaint, Mr. Patterson names as Defendants: former Warden of DRCF David C. Green; Deputy Director of the Inmate Grievance Office Robin S. Woolford; Executive Director of the Department of Public Safety and Correctional Services ("DPSCS") F. Todd Taylor, Jr.; DPSCS Secretary Carolyn J. Scruggs; former warden of RCI Carlos Bivens; Acting Warden of RCI John/Jane Doe; Corporal Nick Grant;

John Doe/Officer Stewart; John Doe/Unidentified correctional officers assigned to DRCF; DRCF Shift Supervisor Angelique Lucas; John Doe/Captain Board; DPSC Hearing Officer Dustin Fignar; Facility Representative RCI Douglas Stegner Youtzy; and John/Jane Doe, Librarian RCI. ECF No. 33-1 at 2-3.

In his proposed second amended complaint, Mr. Patterson seeks to assert claims of "Retaliation for Protected Speech," "Denial of Access to the Courts," "Denial of Due Process and Equal Protection of the Law," and "Cruel and Unusual Punishment." ECF No. 33-1. As relief, he seeks a declaratory judgment that his due process rights were violated, that DPSCS's regulations are unconstitutional, and that Defendants violated his First and Fourteenth Amendment rights. *Id*. at 7. Mr. Patterson also seeks an injunction ordering certain defendants to cease and desist enforcing certain policies, ordering that certain regulations be repealed, and ordering that security surveillance be monitored and maintained. *Id*. Additionally, Mr. Patterson seeks an injunction ordering Defendant Mann to reverse and expunge his disciplinary conviction. *Id*. at 8. Lastly, he seeks compensatory damages. *Id*.

In support of his proposed second amended complaint, Mr. Patterson asserts that on October 2, 2024, while he was incarcerated at DRCF he was approached by several unidentified officers who, after having him produce his identity card, had him report to the administration building. *Id*. at 3. Mr. Patterson asked a passing officer why he was there and after learning Mr. Patterson's identity, advised Mr. Patterson that he would receive a ticket for possessing a knife. *Id*. Mr. Patterson was taken to a holding cell and served with a Notice of Inmate Rule Violation ("NOIRV") and ultimately transferred to RCI. *Id.* Mr. Patterson states that while he was housed at DRCF he had no disciplinary tickets or negative encounters but submitted a number of

complaints regarding secondhand smoke in housing unit two and the NOIRV was issued by Defendant Gant in retaliation for those complaints. *Id*. at 9.

Mr. Patterson also claims that after he was transferred to RCI he was erroneously placed on segregation which restricted his access to legal assistance and his ability to prepare for his disciplinary proceedings. *Id*. The lack of legal assistance also interfered with his ability to "obtain and prosecute state court judicial review of disciplinary appellate proceedings." *Id*. He claims that the institutional librarian was responsible for providing access to legal materials and "merely offering access to legal reference materials is constitutionally deficient." *Id*. He states that all of his requests to the institutional law librarian went unanswered. *Id*.

Next, Mr. Patterson states that he was denied due process and equal protection during his disciplinary proceedings. *Id*. at 4. Specifically, his right to due process was violated when: he was denied representation during his hearing, the hearing officer misrepresented Mr. Patterson's argument, he was denied access to exculpatory video evidence, and he was denied a fair and impartial hearing officer. *Id*. He also asserts that the hearing record misrepresented the actual colloquy that took place between he and the hearing officer. *Id*. In his view, the DPSCS regulations concerning disciplinary hearings violate the constitution. *Id*. He asserts that Defendants Youtzy, Beard, and Fignar conspired to deprive him of exculpatory evidence. *Id*. Defendant Woolford deprived Mr. Patterson of due process when he dismissed Mr. Patterson's appeal. *Id*. Additionally, Mr. Patterson claims that Defendants Taylor and Woolford conspired to implement policies that deprive inmates of due process during their disciplinary hearings. *Id*. Further, Defendants Mann, Green, and Bivens failed to take corrective action resulting in Mr. Patterson's excessive confinement. *Id*. Lastly, Defendants Green, Woolford, Taylor and Does

facilitated the false disciplinary proceedings that deprived him of his right to due process and equal protection. *Id*. at 6.

The State Defendants oppose Mr. Patterson's Motion to Amend, arguing that they will be prejudiced by the amendment and that amending is futile. The court disagrees.

In considering the parties' pleadings and motions, the court applies the principle that pro se plaintiffs are held to a "less stringent standard[ ]" than lawyers, and courts construe their pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while pro se filings "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from ... fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985). On the whole, Federal Rule of Civil Procedure 8(e) requires that "[p]leadings ... be construed so as to do justice."

Mr. Patterson argues that he should be permitted to file the second amended complaint pursuant to Fed. R. Civ. P. 15(a) which provides that "[a] party may amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Although Mr. Patterson has previously filed an amended complaint, that amendment was court directed.

As to the timeliness of Mr. Patterson's filing, the State Defendants' responsive pleading was filed on December 22, 2025 (ECF No. 25) and Mr. Patterson did not move to amend his complaint until July 31, 2026. Despite this delay, the record demonstrates that Mr. Patterson timely sought, and was granted, an extension of time, to and including March 20, 2026, to file a response to the dispositive motion. ECF Nos. 27 and 28. On March 19, 2026, he filed an affidavit

pursuant to Fed. Rule Civ. Pro. 56 seeking discovery which was denied on July 1, 2026, and Mr. Patterson was provided additional time to file a response to the motion. ECF No. 30. His Motion to Amend, dated July 24, 2026, and postmarked July 29, 2026, followed.[2] Thus, despite Mr. Patterson's efforts to litigate his claims timely, it appears that his motion is untimely under Fed. R. Civ. P. 15(a)(1) and he is not entitled to file an amended complaint as a matter of course.

Nevertheless, after the expiration of that 21-day window, or after the party has exercised its right to amend once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[A] request to amend should only be denied if one of three facts is present: 'the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or amendment would be futile.'" *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 379 (4th Cir. 2012) (quoting *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009)). State Defendants clearly do not consent to the amendment so the court must address the question of whether "justice so requires" the granting of the request to file a second amended complaint. Fed.R.Civ.P. 15(a)(2). The decision to grant leave to amend rests in the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The procedural history in this case and applicable law support the court's conclusion that justice requires granting leave to amend.

First, the court finds that State Defendants will not be unduly prejudiced by Mr. Patterson's filing a second amended complaint. Prejudice is "often determined by the nature of the amendment and its timing." *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). An amendment causes undue

[2] There is no indication on the envelope of the date Mr. Patterson gave the motion to prison officials for mailing. Under the "prison mailbox rule" the complaint is deemed to have been filed on July 24, 2026. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

prejudice where it would "raise[] a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and]…the amendment is offered shortly before or during trial." *Johnson v. Oroweat Foods, Co.*, 785 F.2d 503, 510 (4th Cir. 1986) (citations omitted). On the other hand, an amendment carries little prejudice where "it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427.

Here the court does not find that the State Defendants would be prejudiced by allowing Mr. Patterson to amend the complaint. No discovery has occurred and trial is not scheduled. Moreover, the second amended complaint relies substantially on facts already presented by Mr. Patterson regarding his disciplinary proceedings but adds additional theories of recovery including challenges to the policies of DPSCS as well as a claim of retaliation as the basis for the institution of the disciplinary proceedings.

Further, there is no evidence of bad faith by Mr. Patterson. As previously noted, after State Defendants filed their dispositive motion, Mr. Patterson timely sought, and was granted, an extension of time, to and including March 20, 2026, to file his response. ECF Nos. 27 and 28. Thereafter his request that the dispositive motion be denied due to the need for discovery under Fed.R.Civ.P. 56 was resolved adversely to him, and he was granted additional time to respond to the dispositive motion. ECF No. 30. Mr. Patterson then timely sought leave to amend. ECF No. 33. While Mr. Patterson could have filed the proposed second amended complaint sooner, the court is mindful of Mr. Patterson's self-represented status and his effort to timely litigate his claims.

Lastly, the court does not find that Mr. Patterson's proposed amendments are futile. "A proposed amendment is futile when it is clearly insufficient or frivolous on its face ... [or] if the

claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation*, 914 F.3d 213, 228 (4th Cir. 2019) (citation modified). In his proposed second amended complaint, Mr. Patterson states that Defendant Grant filed false disciplinary charges against him in retaliation for Mr. Patterson having complained about secondhand smoke. He also asserts that several DPSCS policies regarding the conduct of disciplinary hearings and appeals violate his right to due process. Additionally, he claims that certain Defendants violated his due process rights during the disciplinary proceedings in a variety of ways, including by intentionally denying him access to exculpatory evidence. In light of the foregoing, the court finds that the proposed amendments are not futile.

Because Mr. Patterson did not act in bad faith, his proposed amendment would not prejudice the State Defendants, and the amendment is not futile, and in consideration of Rule 15's liberal standard, the Motion to Amend will be granted and the State Defendants' motion to dismiss, or in the alternative for summary judgment (ECF No. 25) will be denied as moot.

As noted, Mr. Patterson's proposed Second Amended Complaint names additional defendants and asserts additional claims but, unlike his previous filings, the proposed Second Amended Complaint does not incorporate his previous filings. Ordinarily, "an amended pleading . . . supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citing 6 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended . . . supersedes the pleading it modifies . . .")). However, given Mr. Patterson's self-represented status and clear intentions to amend and supplement his claims, the court construes Mr. Patterson's Motion to Amend as a motion to treat his Complaint (ECF No. 1), supplemental exhibits (ECF No.

4), court directed Amended Complaint (ECF No. 7), supplement (ECF No. 21), and Second Amended Complaint (ECF No. 33-1) as the operative complaint and grants that motion.

Accordingly, it is this 1st day of September, 2026, by the United States District Court for the District of Maryland hereby ORDERED that:

1. State Defendants' Motion to Seal (ECF No. 23) IS GRANTED;

2. Mr. Patterson's Motion to Amend (ECF No. 33) IS GRANTED;

3. State Defendants' Motion to Dismiss, or in the Alternative for Summary Judgment (ECF No. 25) IS DENIED as moot;

4. The Complaint (ECF No. 1), supplemental exhibits (ECF No. 4), court directed Amended Complaint (ECF No. 7), supplement (ECF No. 21), and Second Amended Complaint (ECF No. 33-1) together shall constitute the Operative Complaint;

5. The Clerk IS DIRECTED to detach Plaintiff's proposed second amended complaint from ECF No. 33-1 and docket it separately and TRANSMIT a copy of this Order to Mr. Patterson and to counsel of record;

6. The Clerk SHALL AMEND the docket to reflect the full name of Defendant Nick Grant;

7. The Clerk IS DIRECTED to prepare and issue a sealed summons and sealed U.S. Marshal service of process form as to Defendant Nick Grant at the address provided in ECF No. 23, and to forward the sealed summons, sealed U.S. Marshal service of process form, along with a copy of the Operative Complaint (Complaint (ECF No. 1), supplemental exhibits (ECF No. 4), court directed Amended Complaint (ECF No. 7), supplement (ECF No. 21), and Second Amended Complaint (ECF No. 33-1)), and a COPY OF THIS ORDER to the U.S. Marshal Service;

8. The U.S. Marshal IS DIRECTED to effectuate service of process on Defendant Nick Grant under seal at the address provided. If the U.S. Marshal uses U.S. Postal Service delivery to effect service on Defendant Nick Grant, it shall do so by RESTRICTED DELIVERY, CERTIFIED MAIL; and

9. All documents referencing Defendant Nick. Grant's address SHALL BE PLACED UNDER SEAL.

__________/s/__________________
DEBORAH K. CHASANOW
United States District Judge